IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BELL,              )<br>                                             )<br>           Plaintiff,           )<br>                                             )<br>   v.                                     )<br>                                             )<br>                                             )<br> M. MCVAY, et al.,            )<br>                                             )<br>           Defendants.      )<br>_____ ) | No. C 09-03497 JW (PR)<br><br>ORDER OF DISMISSAL WITH<br>LEAVE TO AMEND<br><br><br><br><br><br>(Docket No. 2) |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement while incarcerated at that facility in Monterey County Superior Court. Defendants removed the action to this Court and have filed a notice of removal and motion to screen the complaint under 28 U.S.C. § 1915A.

Removal appearing proper, defendants' motion to screen the complaint (Docket No. 2) is GRANTED. The Court will conduct its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners

seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.   Plaintiff's Claim

Plaintiff claims that upon his arrival at the prison, SVSP prison officials confiscated certain items from his property that were not allowed at the level IV institution. Plaintiff, who is African-American, alleges that the confiscation of property violated his Fourteenth Amendment right to Equal Protection because two other inmates of a different race, i.e., "Mexican," were allowed to retain similar property, *e.g.*, a radio, cd player with tape, surge protector and clock, although they are all housed in the same building facility.

When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. More v. Farrier, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); Timm v. Gunter, 917 F.2d 1093, 1099 (8th Cir. 1990) (same).

This applies to claims of racial discrimination: "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). Invidious racial discrimination such as racial segregation, which is unconstitutional

outside prisons, also is unconstitutional within prisons.  See Johnson, 543 U.S. at 505-06. A prison classification based on race is immediately suspect and is subject to the same strict scrutiny as a racial classification outside prison.  See id. at 508-10  Prison officials must therefore demonstrate that the race-based policy or action is narrowly tailored to serve a compelling state interest.  Id. at 510-11.  Johnson did not rule out race-based classifications and did not eliminate prison security as a reason for such classifications, but instead determined that prison officials must demonstrate that race-based policies are narrowly tailored to address a compelling government interest such as prison security. See id. at 511-13, 513; see also id. at 515 (remanding case for determination of whether CDC's policy of temporarily segregating inmates by race when they arrive in the prison system initially or are transferred to a new prison is narrowly tailored to serve a compelling state interest).

   Furthermore, a claim of racial discrimination under the Equal Protection Clause requires demonstration of discriminatory intent.  Washington v. Davis, 426 U.S. 229, 239-40 (1976); Jeffers v. Gomez, 267 F.3d 895, 913-14 (9th Cir. 2001) (reversing denial of summary judgment based on qualified immunity on claim that prison guard targeted black inmates while shooting to quell prison riot; because plaintiff alleged only that defendant shot at him, it was irrelevant that all but one of the inmates shot and all inmates suffering serious stab wounds in Hispanic-black riot were black).  But cf. Walker v. Gomez, 370 F.3d 969, 973-74 (9th Cir. 2004) (plaintiff need not prove discriminatory intent or impact of policy or practice he is challenging if policy is suspect on its face; policy explicitly treating inmates differently by race suspect on its face).

   Plaintiff has failed to state a claim upon which relief may be granted with respect to his equal protection claim because he has failed to demonstrate that prison officials confiscated his property based on an unlawful race-based policy and that they did so with discriminatory intent.  Plaintiff shall be given leave to amend to attempt to allege facts sufficient to show that defendants were maintaining a raced-based policy which resulted in the unlawful confiscation of his personal property, and that the policy is the result of

invidious discrimination.

In the absence of such a race-based policy, plaintiff's claim of unlawful confiscation of personal property fails to state claim for it is well established that neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, *e.g.*, a state tort action, precludes relief because it provides sufficient procedural due process.  See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986) (same).  California law provides such an adequate post-deprivation remedy.  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Accordingly, plaintiff's intentional tort claim is DISMISSED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend, as indicated above. Within **thirty (30) days** of the date this order is filed, plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 09-03497 JW ( PR).  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the original complaint by reference.

2.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The clerk shall enclose a copy of the court's form complaint with a copy of this order to plaintiff.

This order terminates Docket No. 2.

DATED:    December 9, 2009

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LARRY BELL,

        Plaintiff,

  v.

M. MCVAY, et al.,

        Defendants.
                                        /

Case Number: CV09-03497 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 12/18/2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry Bell C-08104
Salinas Valley State Prison
P. O. Box 705
Soledad, Ca 93960-1020

Dated: 12/18/2009

                                           Richard W. Wieking, Clerk
                                     /s/ By: Elizabeth Garcia, Deputy Clerk